```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**JUDITH JUDY,**

      Plaintiff,

v.                                           Civil Action No. 2:11-cv-00655

**WILMINGTON FINANCE, INC.**
**n/k/a**
**AIG FEDERAL SAVINGS BANK and**
**FEDERAL NATIONAL MORTGAGE ASSOCIATION**
**("Fannie Mae")**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the motion of defendant AIG Federal Savings Bank to compel the joinder of an additional party, filed October 21, 2011. Plaintiff has not responded to the motion.

In this action, plaintiff asserts claims relating to a loan transaction, and the relief sought includes equitable relief to modify or set aside the transaction. AIG now seeks an order, pursuant to Rule 19 of the Federal Rules of Civil Procedure, joining Clyde W. Ransom, Jr., plaintiff's ex-husband, as an additional plaintiff, inasmuch as Ransom has an interest in both the underlying loan obligation and the real property pledged to secure the loan. Though plaintiff and Ransom are divorced, they continue to share ownership of the subject property as joint tenants.

Rule 19 governs the required joinder of parties to an action. As it pertains to this case, the rule states:

> (1) <u>Required Party</u>. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> . . .
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Ransom is a citizen and resident of Kanawha County, West Virginia, who is subject to service of process, and whose joinder will not deprive the court of subject matter jurisdiction. (Def.'s Mot. Ex. D). His ownership stake in the real property pledged to secure the loan at issue in this case, as well as his status as a signed borrower on the loan, gives him a clear interest in the subject of the action. (Def.'s Mot. Ex. A). It is likely that his continued absence from these proceedings will impair his ability to protect that interest. Further, if Ransom is not joined as a plaintiff, defendants face the risk of incurring multiple and inconsistent obligations, inasmuch as even if defendants prevail in this case,

Ransom could separately challenge the loan in a subsequent proceeding.

Accordingly, it is ORDERED that AIG's motion to compel joinder of an additional party be, and it hereby is, granted.

The plaintiff, Judith Judy, is hereby ORDERED, within thirty days from this date, to add Clyde W. Ransom, Jr., as a party plaintiff to this action, if he assents thereto, by an amended complaint designed for that further purpose only and signed by Clyde W. Ransom, Jr., or his attorney acting as his counsel herein.  If plaintiff Judy learns that Clyde W. Ransom, Jr., refuses to join this action as a plaintiff, then plaintiff Judy shall, with leave of court sought within thirty days of this date, join him as an involuntary plaintiff, exemplified by a proposed amended complaint to that end.

The Clerk is directed to send copies of this written opinion and order to all counsel of record and any unrepresented parties, and in addition, to Clyde W. Ransom, Jr., whose address may be:  534 Burlew Drive, Charleston, WV, 25302.

ENTER: November 10, 2011

John T. Copenhaver, Jr.
United States District Judge

3